[Cite as *State v. Wood*, 2016-Ohio-1239.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-615 |
| v. | : | (M.C. No. 14CRB-28393) |
| Mary Wood, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 24, 2016

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant.

**On brief:** *Richard C. Pfeiffer,* City Attorney, *Lara N. Baker,* City Prosecutor, *Melanie R. Tobias*, Appellate Director, and *Orly Ahroni*, for appellee.

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Mary/Shane Wood ("Wood")[1] appeals from the sentence imposed by the Franklin County Municipal Court, after he pled guilty to one count of domestic violence under R.C. 2919.25(A). For the reasons set forth below, we affirm.

{¶ 2} A four-count complaint filed on November 17, 2014, charged Wood with domestic violence under R.C. 2919.25(A), assault under R.C. 2903.13(A), aggravated menacing under R.C. 2903.21, and domestic violence under R.C. 2919.25(C). On April 20, 2015, Wood entered a guilty plea on the first-degree misdemeanor charge of domestic violence under R.C. 2919.25(A), thereby admitting that he "did knowingly cause or attempt to cause physical harm to a family or household member, to wit: [P.R.], live-in

---

[1] Wood is a female-to-male transgender individual. The trial court record uses both Mary and Shane as Wood's first name in various places, but in the hearing transcripts the parties consistently use male pronouns when referring to Wood. We do so as well.

girlfriend, by means of strangling [P.R.]." (Complaint.) In exchange for the plea, the other three charges were dropped. (Entry of Guilty/No Contest Plea.) After accepting Wood's plea, the court ordered a presentencing investigation, and the victim made an impact statement in open court. (April 20, 2015 Tr., 40-44.)

{¶ 3}   A sentencing hearing was held on June 2, 2015. The trial court sentenced Wood to a 180-day jail term, the maximum term for a first-degree misdemeanor under R.C. 2929.24(A)(1). However, the court suspended 120 days of the sentence and gave Wood 2 days of credit for time served, thereby reducing the total term of the confinement to 58 days.

{¶ 4}   Wood appeals his sentence, asserting a single assignment of error:

The trial court erred in sentencing the defendant, Mary Wood, to a jail sentence.

{¶ 5}   According to Wood, the trial court did not consider all the factors required by the misdemeanor sentencing statute, R.C. 2929.22(B), because it gave no weight to his lack of a criminal record, the presentence investigator's recommendation to suspend any jail sentence, or the psychological assessment concluding that he had a low risk of recidivism. Wood believes that the trial court improperly focused only on the physical harm to the victim. He also argues that a jail sentence would not be in accordance with R.C. 2929.22(A), which states that a "court shall not impose a sentence that imposes an unnecessary burden on local government resources." Because Wood is transgender, he argues that the county jail would be burdened by the need to separate him from the female inmates and provide the medical treatment that he requires.

{¶ 6}   In its response, the state argues that Wood has failed to rebut the presumption that the trial court properly considered all the statutory factors, and that the record actually reflects that the trial court did consider the factors that Wood alleges it ignored. The state also argues that Wood points to no evidence in the record to support his assertion that a sentence would impose an unnecessary burden on local government resources. (Appellee's Brief, 13-20.)

{¶ 7}   An abuse of discretion standard applies to appellate review of misdemeanor sentences. *State v. Blankenship*, 192 Ohio App.3d 639, 642, 2011-Ohio-1601 (10th Dist.); *see also* R.C. 2929.22(A) (stating that the trial court "has discretion to determine the most

effective way to achieve the purposes and principles of sentencing" for misdemeanor offenses). An abuse of discretion is defined as an " 'unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 23.

{¶ 8} The misdemeanor sentencing statute states that a sentencing court "shall be guided by the overriding purposes of misdemeanor sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." To do so, "the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A).

{¶ 9} As noted, the statute expressly gives a sentencing court "discretion to determine the most effective way to achieve the purposes and principles of sentencing" in accordance with the purposes of the misdemeanor sentencing. R.C. 2929.22(A). However, it also provides a list of factors that the court must consider when sentencing. R.C. 2929.22(B)(1). These include "[t]he nature and circumstances of the offense," the likelihood of recidivism, and any risk that the defendant will be a danger to others. R.C. 2929.22(B)(1). In addition, "the court may consider any other factors that are relevant." R.C. 2929.22(C). However, "[t]he court shall not impose a [misdemeanor] sentence that imposes an unnecessary burden on local government resources." R.C. 2929.22(A).

{¶ 10} Although the trial court must consider the factors set forth in R.C. 2929.22, the statute does not obligate it "to set forth its reasoning for imposing sentencing" on the record. *City of Whitehall v. Wildi*, 10th Dist. No. 01AP-762, 2002-Ohio-1035; *see also State v. Hall,* 2d Dist. No. 24753, 2012-Ohio-1571, ¶ 18 (stating that "a trial court is not required to discuss the considerations listed in R.C. 2929.22 on the record, or make explicit findings to support the sentencing"). Instead, there is a presumption that the trial court considered the factors required by the misdemeanor sentencing statute, and "the burden rests on the defendant to rebut the presumption that the trial court considered the sentencing criteria." *Wildi*; *see also State v. Piotrowski*, 10th Dist. No. 05AP-159, 2005-Ohio-4550 (reversing a trial court that had "sentenced [the] defendant pursuant to its

preconceived policy requiring a period of time in jail for OVI offenders," announced by the judge at sentencing, rather than the R.C. 2929.22 factors). To rebut the presumption and show a sentencing error, the defendant must make an "affirmative showing that the trial court failed to consider the factors in R.C. 2929.22." *Hall* at ¶ 19.

{¶ 11} Here, Wood has not affirmatively demonstrated that the trial court failed to consider or apply the factors required by the misdemeanor sentencing statute. With no citation to the record, he asserts that the trial court "did not mention" his lack of a criminal record, the presentencing investigator's recommendation of a suspended jail sentence, or a psychological assessment concluding that he had a "low risk of re-offending." (Appellant's Brief, 10.) However, merely asserting that the trial court was silent on these issues, without some affirmative demonstration that the trial court failed to properly consider the R.C. 2929.22 factors, is insufficient to overcome the presumption that the trial court acted within its discretion. *Wildi*; *Hall* at ¶ 18.

{¶ 12} Moreover, Wood's criticism is belied by an examination of the judge's statements at the sentencing hearing. The judge referenced the presentence investigation before passing sentence. (June 2, 2015 Tr., 2.) After defense counsel recounted a conversation with the psychologist that had performed the assessment, the judge stated that, in sentencing Wood, she "ha[d] to take into consideration *not only the assessment* and *the defendant's background*, but also the incident that occurred to which he had plead guilty." (Emphasis added) (June 2, 2015 Tr., 3.) Furthermore, after defense counsel asked whether the judge had "consider[ed] the psychologist['s] recommendations," she stated:

> I absolutely did, because the psychologist even recommended
> treatment in lieu, that was declined, if you remember.

(June 2, 2015 Tr., 10-11).

{¶ 13} Thus, contrary to Wood's assertion, the record demonstrates that the judge did mention and consider the presentence investigation, the psychological assessment, and Wood's background before imposing sentence.

{¶ 14} Arguing that it is error to focus solely on the harm caused, Wood complains that the trial court "focused primarily" on the physical harm to the victim. (Appellant's Brief, 10.)  However, R.C. 2929.22(B)(1)(a) requires the sentencing judge to consider

"[t]he nature and circumstances of the offense," and, as discussed, the record reflects that the judge considered other factors as well. With regards to the offense itself, there was some controversy at the sentencing hearing as to whether Wood had used a noose or "only" his hands to try to strangle his girlfriend. (June 2, 2015 Tr., 10.) The judge stated that, either way, it was:

> [S]till strangulation. There was testimony or [the victim's] statement or the recording of the phone call [that] mentioned a noose, that is also scary, and intimidation. But he plead guilty to [the offense] "by means of strangling." I don't care if it's hands or noose, I still have to weigh the facts in this case against everything else.
>
> That's why I'm not giving him 180 days in jail, but that's not -- that's why I'm also not just giving him the two days in jail.

(June 2, 2015 Tr., 10.)

{¶ 15} Based on this statement and those previously mentioned, we find that the judge did not focus exclusively on the harm to the victim. She expressly stated that she had "to weigh the facts in this case against everything else" when determining Wood's sentence. Nor did the judge place undue emphasis on this factor to the exclusion of the other R.C. 2929.22(B) factors, as Wood suggests. The statute requires the "sentencing court [to] consider any relevant oral or written statement made by the victim," as well as the nature and circumstances of the offense itself. R.C. 2929.22(D)(1). Thus, the judge acted wholly within her discretion when she emphasized the act of violence that Wood committed and the effect it had on the victim. In short, our review of the sentencing judge's statements reveals that she did, in fact, properly consider the R.C. 2929.22(B) factors before imposing sentence on Wood.

{¶ 16} The misdemeanor sentencing statute also states that a "court shall not impose a sentence that imposes an unnecessary burden on local government resources." R.C. 2929.22(A). Citing this provision, Wood argues that the burden to the jail of accommodating his transgender status and medical needs outweighs any interest in punishing him by incarceration. (Appellant's Brief, 10-11). However, Wood points to no evidence in the record to support the assertion that his confinement would unnecessarily burden local government resources. In actuality, the record reflects that the judge was aware of these issues and took them into consideration. At sentencing, she expressed

uncertainty as to "what the jail can accommodate" when sentencing Wood, and told the parties to advise her "in the next 60 days if the jail is not going to accept him." (June 2, 2015 Tr., 11.) There is no indication that the jail subsequently refused to accommodate Wood. In fact, at a later hearing, the judge indicated the opposite, stating "I know that the jail can make accommodations." (July 15, 2015 Tr., 10). Wood's assertion that the judge erred by imposing a sentence that would unnecessarily burden local government resources is without merit.

{¶ 17} Although Wood believes that he should not have been sentenced to a jail term, he plead guilty to domestic violence, a first-degree misdemeanor. R.C. 2919.25(A). The offense carries a maximum jail term of 180 days, and Wood was on notice of the possibility of incarceration when he entered the plea. R.C. 2929.24(A)(1). The actual term of incarceration that Wood faces, 58 days, is significantly less than 180 days, due to the jail time credit and the trial court's suspension of 120 days of the sentence. For the reasons previously discussed, the trial court did not abuse its discretion when imposing this sentence.

{¶ 18} Finally, we note that the trial court was fully justified in imposing a sentence of incarceration, given the extremely serious and violent nature of the offense. Wood negotiated a plea deal that resulted in the state dropping two felony charges. The bare facts to which he pled guilty, knowingly causing or attempting to cause physical harm to his girlfriend by means of strangling, could have supported an even higher felony charge than he faced in the original complaint, along with the threat of a more severe sentence. *See, e.g.*, R.C. 2903.11 (defining the second-degree felony of felonious assault, based on knowingly causing or attempting to cause physical harm to another) *and* R.C. 2929.14 (defining basic prison terms for second-degree felonies). The trial court did not err when imposing a jail sentence on Wood under R.C. 2929.22. The assignment of error is overruled, and the sentence is affirmed.

*Judgment affirmed.*

DORRIAN, P.J. and TYACK, J., concur.

————————————————