[Cite as *Hubbard v. Hubbard*, 2019-Ohio-3065.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Shelby L. Hubbard, :

    Plaintiff-Appellant, :

                                      No. 18AP-776

v. : (C.P.C. No. 07DR-1077)

David J. Hubbard, : (REGULAR CALENDAR)

    Defendant-Appellee. :

D E C I S I O N

Rendered on July 30, 2019

**On brief:** *Shelby L. Hubbard*, pro se.

**On brief:** *The Law Office of Nicholas W. Yaeger, LLC,* and *Nicholas W. Yaeger*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Shelby L. Hubbard, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling Shelby's objections to a magistrate's decision. For the following reasons, we overrule Shelby's assignments of error and affirm the decision of the trial court.

{¶ 2} Shelby and defendant-appellee, David J. Hubbard, divorced in 2008. They had two children together. Both objected to an October 5, 2017 administrative adjustment recommendation from the Franklin County Child Support Enforcement Agency increasing David's child support amount. The magistrate conducted a hearing addressing those objections in January 2018. In a March 2018 decision, the magistrate raised David's

support obligations from $392.47 to $688.91. Only Shelby objected to the magistrate's decision.

{¶ 3} The trial court described and addressed Shelby's objections as follows:

(1) The magistrate failed to check the box to make her recommendation immediately viable. The trial court held the box was properly unchecked because the magistrate did not make a finding that immediate relief was justified. The trial court also held that the issue became moot when the trial court issued its decision.

(2) The magistrate failed to include advancements on David's inheritance when calculating his income. The trial court held the magistrate specifically included those amounts on her child support computation worksheet.

(3) The magistrate erred in finding inheritance income was not gross income. The trial court held the magistrate properly labeled inheritance as non-taxable income under R.C. 3119.01(C)(7)(e).

(4) The magistrate erred in not deviating from standard worksheet factors when determining David's income because of his alleged "misconduct, undisclosed income, assets, perjuring [*sic*] and refusal to comply with discovery." The trial court held those grounds for deviation did not exist under statute and, to the extent they did, Shelby proffered insufficient evidence establishing those grounds were present here.

(5) The magistrate erred in not including David's "self-generated income" in the form of reimbursement for mileage, free meals at the restaurants he managed, two cars gifted from his grandfather, and money gifted to David to pay for their daughter's private schooling. The trial court held Shelby presented insufficient evidence as to all grounds. The trial court also held the magistrate was in the best position to address credibility regarding conflicting mileage testimony.

(6) The magistrate erred in finding Shelby voluntarily unemployed. The trial court held she failed to present sufficient evidence that the daughter's 20 medical appointments per year kept Shelby from finding and keeping a job.

(7) The magistrate erred in deciding the effective date for the revised order to be October 1, 2017. The trial court held that date was appropriate under R.C. 3119.71(B).

(8) The magistrate erred in not finding the daughter was disabled so David would have to pay child support until daughter passes away. The trial court held Shelby presented no evidence that the daughter's diagnosis relative to diabetes, anxiety, post-traumatic stress disorder and constipation would prevent daughter from supporting herself past the age of 18.

(9) The magistrate erred by not considering what standard of living would be if parents were married. The trial court held that standard only applies when the parents' married income exceeds $150,000, which was not the case here.

(10) The magistrate and David's counsel had ex parte conversations and the domestic court was biased against Shelby because David's trial counsel was the brother of another judge serving on the same domestic court. The trial court found no evidence of either.

*See* Sept. 11, 2018 Decision at 2-24.

{¶ 4} Shelby timely appeals.

{¶ 5} Shelby assigns the following three assignments of error for our review:

[1.] The trial court erred and abused its discretion denying all of appeallents objections after its de novo independent review creating reversible error regarding father's income for child support modification purposes.

[2.] The trial court erred and abused its discretion denying all of appeallents objections after its de novo independent review creating reversible error regarding mothers income for child support modification purposes.

[3.] The trial court committed plain error by not remanding for a new trial of the case after its de novo review violating mothers due process rights; prejudicial to the mother's.

(Sic passim.)

{¶ 6} "Matters involving child support are reviewed under an abuse-of-discretion standard." *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, ¶ 9. "An abuse of discretion is defined as an ' "unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken." ' " *State v. Wood*, 10th Dist. No. 15AP-615, 2016-Ohio-1239, ¶ 7, quoting *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 23. "In order to have an 'abuse' in reaching such determination, the result must be

so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." (Quotations and citation omitted.) *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984). An abuse of discretion is therefore found only in the rare instance when the decision is unsupported by the facts and is contrary to logic. *In re Estate of Roch*, 81 Ohio App.3d 161, 165 (9th Dist.1991), citing *Jenkins* at 222. When conducting the requisite analysis, we may not substitute our judgment for that of the trial court. *Lias v. Beekman*, 10th Dist. No. 06AP-1134, 2007-Ohio-5737, ¶ 11, *see also Law Offices of Russell A. Kelm v. Selby*, 10th Dist. No. 15AP-1135, 2017-Ohio-8239, ¶ 22.

{¶ 7}    In essence, Shelby simply restates her objections to the magistrate's decision as grounds for this appeal. While she now asserts denial of her discovery motions constitutes a violation of her due process rights, she has waived that claimed error by not preserving it below. *See Hunter v. Shield*, 10th Dist. No. 17AP-751, 2018-Ohio-2371, ¶ 23 (holding failure to raise issue before trial court equates to waiver).

{¶ 8}    Upon review of the record, we determine the trial court did not abuse its discretion in overruling each of Shelby's objections to the magistrate's decision. Thus, we find no merit in Shelby's arguments and overrule her three assignments of error.

{¶ 9}    Having overruled Shelby's three assignments of error, we affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

————————————