[Cite as *Suwareh v. Nwankwo*, 2020-Ohio-6899.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LAMIN SUWAREH, | : | |
| Appellant, | : | CASE NO. CA2020-01-003 |
| | : | O P I N I O N |
| - vs - | | 12/28/2020 |
| | : | |
| CHINELO NWANKWO, | : | |
| Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR14080831


Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3400 N. State Route 741, Lebanon, Ohio 45036, for appellant

Patricia A. Baas, 1831 W. Galbraith Road, Cincinnati, Ohio 45239, for appellee



**HENDRICKSON, P.J.**

{¶1} Appellant, Lamin Suwareh ("father"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting father additional parenting time to observe religious holidays that would otherwise conflict with his ex-wife's, Chinelo Nwankwo ("mother"), scheduled parenting time. For the reasons discussed below

we affirm the decision of the trial court.

{¶2}    The parties have two minor children from their marriage.  They were granted a divorce in 2015.  Father is a practicing Muslim, while mother is a practicing Christian.  As part of the decree of divorce, father and mother agreed to a shared parenting plan and the trial court adopted the shared parenting plan.  The shared parenting plan designated both mother and father as residential parents with legal custody and set forth an alternating schedule for parenting time.  Mother's address was selected as the primary residence for the children.  The plan further specified that mother and father will alternate holidays and that, regardless of schedule, mother will receive parenting time preference for Christian holidays and father will receive parenting time preference for Muslim holidays.

{¶3}    After their divorce, the parties brought numerous post-decree motions concerning child support obligations, mother's relocation to the Columbus, Ohio area, and various modifications to parenting time.  Relevant to this appeal, the magistrate entered an order in June 2017 that modified the shared parenting schedule as it related to transportation arrangements and telephone contact created by mother's relocation away from father.  Father objected to the magistrate's decision and the trial court held a hearing on the objections.  In November 2017, the trial court issued its decision adopting the magistrate's order but modifying the parenting schedule to address the youngest child entering kindergarten.  The trial court ordered that religious holiday parenting time would remain the same as in earlier orders but provided that the children shall not miss school for parenting time.  Appellant appealed the trial court's decision to this court.

{¶4}    On appeal, this court affirmed in part and reversed in part.  *Suwareh v. Nwankwo*, 12th Dist. Butler No. CA2017-12-174, 2018-Ohio-3737, ¶ 31 ("*Suwareh I*").  This court determined that the trial court's order regarding the exercise of parenting time during religious holidays was unclear.  We reversed and remanded to the trial court for an order

that "clearly delineates the religious holidays to which each parent is entitled to exercise his or her parenting time and addresses the parties' ability to remove the children from school to exercise said holiday parenting time." *Id.* at ¶ 30.

{¶5} Following the remand, a hearing was held before a magistrate in October 2018.[1] The magistrate issued its decision in August 2019. In the decision, the magistrate designated two Christian holidays, Christmas and Easter, that mother would receive special parenting time to celebrate. The magistrate also designated two Islamic holidays, Eid al-Fitr and Eid al-Adha, that father would receive for special parenting time. The magistrate found that Islamic holidays follow a lunar calendar, therefore the date of observance changes each year. Based on the projected dates of observance for the upcoming year, the magistrate provided a schedule for the parents to use in the following year. In setting forth religious holiday time for father, the magistrate ordered that father could not remove the children from school if a holiday happened to occur during the school year. Instead, on the day of the holiday, father would have the time after school until 8pm and then have make-up time during the weekend following the holiday.

{¶6} Father objected to the magistrate's decision. As part of the objection, father filed a motion to use the electronic recording from the magistrate's hearing in lieu of a paper transcript or alternatively waive the transcript. The trial court entered an order waiving the transcript requirement but allowing for the review of the "physical evidence" from the magistrate's hearing.

{¶7} The trial court held a hearing on the objections in September 2019 and entered its decision in December 2019. The trial court adopted the magistrate's decision

---

1. The hearing also involved other issues concerning post-decree motions not relevant to this appeal.

as it related to mother's religious holidays[2] The trial court then found that based on the evidence submitted by father, none of the Muslim holidays he identified were designated as non-working holidays. Also, father did not present any evidence as to whether Muslim schools close on the particular holidays. Therefore, the trial court determined that there was no reason to "preempt" the children's regular school schedule.

{¶8} Nevertheless, the trial court expanded upon the magistrate's decision by providing father with the ability to select six holidays out of the eight different holidays he identified to the court. The trial court ruled that when zero of the Muslim holidays occurred during father's normal parenting schedule, he would be able to choose six holidays to exercise holiday parenting time with the children to observe and celebrate the event. If all of the holidays occurred within father's normal parenting time, father would not be given additional parenting time. Finally, if some holidays fell on his normal parenting time schedule but others did not, father would be granted the difference in days to have special parenting time to observe religious holidays with the children.[3] Father would have to notify mother in writing 90 days in advance to exercise the religious holiday time.

{¶9} The trial court imposed some limitations on Father in exercising his religious holiday time with the children. Father could not remove the children from school but would be permitted to see the children in the evening after school and return them to mother by 8:30 pm. Father would be limited to the area around mother's residence and would only be able to attend a mosque within a 30-mile radius of mother's residence, unless the following day the children did not have school. In that instance, father could take the children to his

2. Mother would be given a total of five days to celebrate her religious holidays: Christmas Eve day, Christmas day, and Good Friday through Easter Sunday.

3. For example, if four religious holidays fell on father's normally scheduled parenting time, father could then select two days for his religious holiday parenting time that would otherwise be mother's scheduled parenting time.

home for the night and return them to mother by 5:00 p.m. the next day. The trial court also gave specific Muslim holidays preference over Memorial Day, Labor Day, and the children's birthdays should those days occur at the same time as father's religious holidays and the parenting schedule provided mother parenting time on those days. The trial court further permitted father to have parenting time with the children in mother's town for a day visit, except during school hours, at any time should he provide 24-hour advance notice to mother about the visit. The trial court left unchanged father's parenting time during the summer months.

{¶10} Father now appeals the trial court's decision, raising one assignment of error for review:

{¶11} THE TRIAL COURT ERRED IN DETERMINATION OF THE TERMS OF EXERCISE OF RELIGIOUS OBSERVATIONS.

{¶12} In his sole assignment of error, father presents two issues for review. First, father argues that the trial court violated his constitutional and statutory rights to practice religion because the trial court promoted the children's school attendance above father's religious observances in what father describes as a "blanket prohibition of religious observances in favor of regular school attendance." Second, father argues that the trial court exceeded the scope of this court's remand because it added time, notice, location, and transportation restrictions on father's religious holiday parenting time.

{¶13} An appellate court reviews a trial court's decision on the allocation of parental rights and responsibilities for an abuse of discretion. *Whitaker v. Whitaker*, 12th Dist. Fayette Nos. CA2019-05-008 and CA2019-05-009, 2020-Ohio-2774, ¶ 17. This court has previously explained that "the power of the trial court to exercise discretion is peculiarly important in proceedings involving the custody and welfare of children." *Kenney v. Kenney*, 12th Dist. Warren No. CA2003-07-078, 2004-Ohio-3912, ¶ 6. An abuse of discretion is

more than an error of law or judgment, it is an attitude of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} Father presents his first issue in the context that the trial court's order violated *his* constitutional right to practice his religion with his children because the order promoted the children's school attendance above father's religious observances. The Ohio Supreme Court has held that where the "court refuses to award custody to a parent because of her religious beliefs, the court burdens [a parent's] choice of a religion in violation of the Free Exercise Clause of the United States Constitution." *Pater v. Pater*, 63 Ohio St.3d 393, 396-397 (1992). The trial court's decision does not violate father's free exercise of religion. The order does not prevent father from exercising *his* religious beliefs. He is free to attend any or all of the recognized Muslim holidays of his choosing. Neither does the trial court's decision burden father's choice of religion as in *Pater* because father was granted parenting time with his children. As we have previously explained, where the parent is "free to instruct the children on his religious beliefs and to teach them as he sees fit" then there is no infringement on the free exercise of religion. *Willis v. Willis*, 149 Ohio App.3d 50, 2002-Ohio-3716, ¶ 54 (12th Dist). That is the case here.

{¶15} Although father cites *Davidovics v. Shore*, 135 Ohio App.3d 374 (8th Dist.1999), to support his claim that the trial court violated his free exercise of religion, his reliance is misplaced. Unlike in *Davidovics*, the trial court's order in this case did not promote one parent's faith over the other, nor did it deny father the opportunity to pass on his religious traditions. The trial court specifically sought an even distribution of time for each parent to observe their religious holidays.

{¶16} Likewise, father's argument that R.C. 3313.60 and 3321.04 support his claim lacks merit. R.C. 3313.60 only sets forth the required curriculum for schools and R.C. 3321.04 merely provides for Ohio's compulsory education requirements. While R.C.

3321.04 authorizes the state board of education or local school board to create rules by which a child may be excused from school attendance, the statute does not specifically provide any religious exception. To the extent that Ohio Adm.Code 3301-69-02(B)(2)(f) permits absences from school for religious observance be excused, we find that this was just another factor to be used by the trial court in determining the children's best interest for the parenting time as will be discussed below.

{¶17} As we explained in *Suwareh I*,

> "[p]arents have a fundamental right to educate their children, including the right to communicate their moral and religious values * * * [and] 'direct the religious upbringing of their children.'" *Pater v. Pater*, 63 Ohio St.3d 393, 397 (1992), quoting *Emp. Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872, 881, fn. 1, 110 S.Ct. 1595 (1990). *See also Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526 (1972); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571 (1925). "In a custody dispute, the parents' rights must be balanced against the state's need to determine the best interests of the child." *Pater* at 397. "[A] domestic relations court may consider the religious practices of the parents in order to protect the best interests of a child." *Id.* at 395. However, a court may not restrict a parent's right to expose his or her child to religious beliefs, "unless the conflict between the parents' religious beliefs is affecting the child's general welfare." *Id.* at paragraph two of the syllabus.

2018-Ohio-3737 at ¶ 29. Pursuant to R.C. 3109.04(E)(2)(b), the trial court must consider the best interests of the children when modifying the terms of the shared parenting plan. *Hall v. Hall,* 12th Dist. Butler No. CA2018-05-091, 2019-Ohio-81, ¶ 21.

{¶18} Since the trial court's order, to some extent, places restrictions on father's ability to engage in his religious practices with his children during school hours, we realize that this could impact father's ability to share his religious beliefs with his children when school is in session. Therefore, we will address father's first issue within this context.

{¶19} On remand, the trial court was required to consider the children's best interest when balancing the competing factors of father's fundamental right to communicate his

religious beliefs and direct his children's upbringing with both mother's and the state's interest in providing an education to the children. Unfortunately, neither the magistrate's nor the trial court's decisions specifically address their reasoning for their balancing of the children's school attendance with father's religious practices. As we noted above, the trial court was faced with a difficult procedural posture which made the task of balancing the competing interests challenging. Father alternatively requested the trial court review the audio recording of the magistrate's hearing or waive the transcript requirement and consider the documentary exhibits admitted at the hearing. The trial court decided not to review the audio recording and waived the transcript requirement but otherwise agreed to consider some of the relevant documentary exhibits admitted at the hearing. Consequently, the trial court did not have a transcript to review as part of its consideration of father's objections. Ultimately, because father did not request further findings of fact and proceeded without the transcript of the hearing, the trial court was faced with a very limited factual record.

{¶20} Although father attempts to frame this as a purely legal issue, the best-interest analysis involves a question of fact. *See Hopkins v. Hopkins*, 4th Dist. Scioto No. 14CA3597, 2014-Ohio-5850, ¶ 28. When considering the children's best interests there must be a factual record for the trial court to consider. The "failure to submit a transcript or affidavit restricts the scope of review at both the trial court and appellate levels and 'renders any review of the magistrate's factual findings impossible because the reviewing court does not have before it the evidence the magistrate relied on to make the factual findings.'" *Smith v. Smith*, 12th Dist. Madison No. CA2018-02-004, 2018-Ohio-4179, ¶ 19, quoting *Bonn v. Bonn,* 10th Dist. Franklin No. 14AP-967, 2015-Ohio-3642, ¶ 25. Therefore, "when an objecting party fails to timely file a transcript or affidavit, a trial court's independent review of the record is limited to an examination of the magistrate's conclusions of law and recommendations in light of any accompanying findings of fact." *Levy v. Seiber*, 12th Dist.

Butler Nos. CA2015-02-019, CA2015-02-021, and CA2015-02-030, 2016-Ohio-68 ¶ 18; *accord Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 14 (the trial court is limited to examining only the magistrate's conclusions of law and recommendations and has the discretion to adopt the factual findings of the magistrate).

{¶21} Because the trial court ultimately agreed to waive the transcript requirement, we are limited to considering "whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision." *Smith* at ¶ 20. The magistrate's decision states that her findings of fact are based on "the evidence presented." Thus, we presume that the evidence before the magistrate demonstrated the children's need to attend school outweighed father's interest in directing their religious upbringing. To the extent that the trial court reviewed evidence in the record in addition to the magistrate's findings, the trial court found that father did not identify any Muslim holidays as "non-working" holidays and failed to provide any evidence that Muslim schools close in observance of Muslim holidays. In applying the law to the facts, we find that the trial court's decision was in the best interest of the children. The evidence presented by father demonstrated that many of the Muslim holidays are commemorated in the evening with prayers and feasting to celebrate the event. As such, the trial court properly afforded father additional time in the evening to celebrate his religious holidays with his children. Furthermore, father will enjoy the benefit of school break periods should his religious holidays occur during those periods. The children are not released from school for Christian holidays unless those holidays fall within the normally scheduled school break periods.[4] Accordingly, we find the prohibition on removing the children from school did not impinge on father's fundamental right to raise his children as

---

4. Father's abbreviated argument concerning a violation of his rights under the Equal Protection Clause of the 14th Amendment to the United States Constitution is undercut by the impartial and secular nature of school breaks. Father will benefit from those breaks should his religious holidays fall during that time.

he sees fit.  Based on the record before us, the trial court's decision was not unreasonable, arbitrary, or unconscionable.  It was not an abuse of discretion for the trial court to limit father's religious holiday parenting time as it did.

{¶22}  Having resolved the first issue raised by father, we turn to the second issue. Father argues that the trial court exceeded the scope of this court's remand order by imposing limitations on the exercise of his religious holiday parenting time.  Father contends that the trial court was limited to only "delineating" the parents' religious holidays.  We disagree.

{¶23}  In the absence of extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, a lower court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.  *Otten v. Tuttle*, 12th Dist. Clermont No. CA2009-09-055, 2010-Ohio-5424, ¶ 29.  After remand, the lower court does not have the authority to extend or vary the mandate.  *Id*.

{¶24}  In *Suraweh I*, this court determined that the trial court's orders were "unclear" on how father was to exercise parenting time during religious holidays.  2018-Ohio-3737 at ¶ 30.  This is because the trial court had "failed to identify those holidays or feasts or the *timing* or *duration* of Father's parenting time on said holidays."  (Emphasis added.)  *Id*. Therefore, this court reversed and remanded for the trial court to delineate the religious holidays for parenting time.  *Id*.  On remand the trial court specifically addressed the timing and duration of father's holiday parenting time.  This court's remand required the trial court to clarify the parameters of father's religious holiday parenting time such as the time, notice, location, and transportation aspects involved in exercising that parenting time.  The physical distance between mother and father and the litigious nature of the parties made it necessary for the trial court to consider and implement practical requirements on the use of religious holiday parenting time.  Consequently, the trial court was within the scope of the remand

when it imposed time, notice, location, and transportation restrictions on the parenting time for the delineated religious holidays.

{¶25} In light of the forgoing, father's sole assignment of error is overruled.

{¶26} Judgment affirmed.


RINGLAND and M. POWELL, JJ., concur.